# In the United States Court of Federal Claims

No. 25-1504

Filed: September 22, 2025

|  |  |
|---|---|
| GILEAD MUTAVA, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

     Although difficult to understand, Gilead Mutava appears to assert that he filed cases against the United States in a court in Kenya and the International Court of Justice. ECF No. 9 at 4-8.[1] He asserts that the United States defaulted in both. *Id*. Plaintiff seeks more than $500 billion from the United States based on the defaults. *Id*. at 4. Because Plaintiff seeks to proceed in forma pauperis, ECF No. 2, the court must review the complaint to determine if it states a claim or seeks damages from one that is immune. 28 U.S.C. § 1915.

     In the complaint, Plaintiff refers to cases he filed in the district courts for the District of Columbia, the Eastern District of Virginia, and the Southern District of New York. ECF No. 9 at 4, 6-8. Although the court could not locate any filing Plaintiff made in the Eastern District of Virginia, the court reviewed Plaintiff's filings in the District of Columbia and the Southern District of New York. In those courts, Plaintiff filed complaints that are materially identical to the one filed in this court.

     Plaintiff filed his complaint in the D.C. District Court on August 6, 2025, and amended his complaint on August 12, 2025. First Amended Complaint, *Mutava v. United States*, No. 25-cv-2567-UNA (Aug. 12, 2025), ECF No. 4. He also filed his complaint in the Southern District of New York on August 6, 2025; that court's docket does not indicate any amended complaint. Complaint, *Mutava v. United States*, No. 25-cv-6594-LTS (Aug. 6, 2025), ECF No. 1. Both complaints were pending when Plaintiff filed this case on September 10, 2025. ECF No. 1.[2]

---

[1] Because the complaint does not include numbered paragraphs, the court cites to the pagination in the ECF header.

[2] In the complaint, Plaintiff claims to have been sending his "legal proceedings" to the court's CM/ECF helpdesk email. ECF No. 1 at 1. The undersigned has not been able to verify those

28 U.S.C. § 1500 removes this court's jurisdiction if the plaintiff had a pending claim against the United States in another court when the plaintiff filed the complaint in this court. To determine whether Section 1500 removes this court's jurisdiction, the court must determine: "(1) whether there is an earlier-filed 'suit or process' pending in another court, and, if so, (2) whether the claims asserted in the earlier-filed case are 'for or in respect to' the same claim(s) asserted in the later-filed Court of Federal Claims action." *Brandt v. United States*, 710 F.3d 1369, 1374 (Fed. Cir. 2013) (cleaned up). If the answer to both steps of the inquiry is affirmative, then this court does not have jurisdiction. *Id*.

As explained above, Plaintiff had two earlier-filed cases pending in two district courts when he filed this case on September 10, 2025. Because those cases remained pending when Plaintiff filed this case, *Brandt*'s first inquiry is answered in the affirmative.

The two district court cases are also for the same claim as presented here. The Supreme Court has established two tests for this court to apply—(1) whether the cases are based on the same act or contract, and (2) whether they are based on the same set of operative facts. *United States v. Tohono O'Odham Nation*, 563 U.S. 307, 316 (2011). Here, the fact that Plaintiff filed a complaint in this court that was materially the same as those previously filed in the two district courts readily satisfies either test under *Tohono O'Odham*. Thus, *Brandt*'s second inquiry is also answered in the affirmative.

Because Plaintiff filed two earlier actions whose claims are for the same claims asserted here, this court lacks jurisdiction to hear this case. Therefore, the court **DISMISSES** this case for lack of subject-matter jurisdiction. The court **GRANTS** Plaintiff's motion to proceed in forma pauperis, ECF No. 2. The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers  
Edward H. Meyers  
Judge

---

submissions. The Clerk's Office, however, sends a response to such emails erroneously sent to the CM/ECF helpdesk email directing the sender to the court's rules and website for information on properly filing documents with the court. And this court's rules clearly state that a pro se plaintiff wishing to file a complaint in this court via email must send that complaint to prose_case_filings@cfc.uscourts.gov. RCFC App'x E ¶ 9(b)(i). Similarly, the Clerk's Office's online instructions also direct pro se litigants to use the proper email for filings. United States Court of Federal Claims, *A Guide for Self-Representation* 9, 24 (last updated Dec. 2023), https://www.uscfc.uscourts.gov/sites/cfc/files/pro_se_guidebook.pdf.